

CT Corporation
Service of Process Notification
09/14/2022
CT Log Number 542302465

## Service of Process Transmittal Summary

**TO:** Rich Wolfson, General Counsel
CRACKER BARREL OLD COUNTRY STORE, INC.
305 S HARTMANN DR
LEBANON, TN 37087-4960

**RE:** Process Served in Kentucky

**FOR:** Cracker Barrel Old Country Store, Inc. (Domestic State: TN)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**TITLE OF ACTION:** Re: BETH S. BALLARD, as Administratrix of the Estate of PAULINE GEORGETTE PARENT // To: Cracker Barrel Old Country Store, Inc.

**CASE #:** 22CI00393

**NATURE OF ACTION:** Personal Injury - Failure to Maintain Premises in a Safe Condition

**PROCESS SERVED ON:** C T Corporation System, Frankfort, KY

**DATE/METHOD OF SERVICE:** By Traceable Mail on 09/14/2022

**JURISDICTION SERVED:** Kentucky

**ACTION ITEMS:** CT will retain the current log

Image SOP

**REGISTERED AGENT CONTACT:** C T Corporation System
306 W. Main Street
Suite 512
Frankfort, KY 40601
866-665-5799
SouthTeam2@wolterskluwer.com

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Non-Traceable Mail on 09/12/2022 | Rich Wolfson, General Counsel CRACKER BARREL OLD COUNTRY STORE, INC. | 542283293 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A

Page 1 of 1

| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **22-CI-00393**<br>Court: **CIRCUIT**<br>County: **NELSON** |
|---|---|---|

*Plantiff*, BALLARD, BETH S. VS. CRACKER BARREL OLD COUNTRY STORE, INC., *Defendant*

TO: **CT CORPORATION SYSTEM**
   **306 WEST MAIN STREET, SUITE 512**
   **FRANKFORT, KY 40601**

Memo: Related party is CRACKER BARREL OLD COUNTRY STORE, INC.

The Commonwealth of Kentucky to Defendant:
**CRACKER BARREL OLD COUNTRY STORE, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Diane Thompson*
Nelson Circuit Clerk
Date: 8/29/2022

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____     Served By _____

                                Title _____

---

Summons ID: 498314533855725@00000143550
CIRCUIT: 22-CI-00393 Certified Mail
BALLARD, BETH S. VS. CRACKER BARREL OLD COUNTRY STORE, INC.



Page 1 of 1


eFiled

COMMONWEALTH OF KENTUCKY
NELSON CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____

*FILED ELECTRONICALLY*

BETH S. BALLARD,                                                                                          PLAINTIFF
as Administratrix of the Estate of
PAULINE GEORGETTE PARENT

V.                                                **COMPLAINT**

CRACKER BARREL OLD COUNTRY STORE, INC.                                    DEFENDANT

    Serve: CT Corporation System
          306 West Main Street, Suite 512
          Frankfort, Kentucky 40601

---

Comes now Plaintiff, Beth S. Ballard, as Administratrix of the Estate of Pauline Georgette Parent, by counsel, and for her Complaint against the Defendant, Cracker Barrel Old Country Store, Inc., states as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, Beth S. Ballard, was a citizen and resident of Nelson County, Kentucky, residing at 103 Olympia Drive, Bardstown, Kentucky 40004.

2. Plaintiff, Beth S. Ballard, was appointed as the Administratrix of the Estate of Pauline Georgette Parent on June 24, 2022.

3. At all times relevant hereto, Defendant, Cracker Barrel Old Country Store, Inc., was a Foreign Corporation with a principal office address of PO Box 787, Lebanon, Tennessee 37087, and a registered agent of CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

Filed          22-CI-00393     08/29/2022     Diane Thompson, Nelson Circuit Clerk

4. At all times relevant hereto, Defendant owned, controlled, operated, maintained and/or supervised the Cracker Barrel restaurant located at 10 Old Filiatreau Lane, Bardstown, Kentucky 40004 (hereinafter "premises").

## JURISDICTION AND VENUE

5. The circumstances giving rise to this Complaint took place in Nelson County, Kentucky.

6. The amount of damages at issue is in excess of the minimum jurisdictional limits of the Nelson County Circuit Court.

7. Nelson County Circuit Court has jurisdiction over this matter and venue is appropriate in this County.

## GENERAL ALLEGATIONS

8. The incident that forms the basis of the claims stated herein is the injury and resulting death of Decedent, Pauline Georgette Parent, (hereinafter "Decedent") that occurred on or about the end of August, 2021 (the initial incident and injury occurred on or about August 30, 2021, and the resulting death occurring on or about September 7, 2021) as a result of acts and/or omissions on property owned and/or operated by Defendant, located at 10 Old Filiatreau Lane, Bardstown, Kentucky 40004. As a result of the negligence of the Defendant, Decedent suffered numerous injuries, including a chest injury, and resulting death.

9. On or about August 30, 2021, as a direct and proximate result of the negligent acts and/or omissions of Defendant, whether by and through its respective agents, ostensible agents, servants, employees, and/or other representatives, Decedent, while exercising due care for her own safety, tripped as the result of a dangerous condition that was created and/or not properly maintained by Defendant, while lawfully and properly on Defendant's premises

2

Filed          22-CI-00393     08/29/2022     Diane Thompson, Nelson Circuit Clerk

Filed         22-CI-00393      08/29/2022         Diane Thompson, Nelson Circuit Clerk

10. Specifically, Decedent tripped and fell on a wooden box that had been left in an aisle at the restaurant.

11. Upon information and belief, at all relevant times, Defendant acted by and through its authorized agents, ostensible agents, servants, employees, and/or other representatives. The doctrine of *respondeat superior* applies to Defendant for the negligent acts or failure to act of its authorized agents, ostensible agents, servants, employees, and/or other representatives. Defendant authorized and/or ratified the tortious conduct of its authorized agents, ostensible agents, servants, employees, and/or other representatives and/or should have anticipated that such tortious conduct would occur.

12. As a direct and proximate result of the negligence and carelessness of Defendant, as heretofore alleged, Decedent sustained personal injury, causing great physical, emotional, and mental pain and anguish, the loss of enjoyment of life, and death.

## COUNT I: NEGLIGENCE

13. Plaintiff incorporates and re-alleges all allegations above as if set forth fully herein, incorporates same by reference, and further states:

14. Defendant, by and through its agents, ostensible agents, servants, employees, and/or other representatives, had a duty to maintain and keep the premises safe for the use of its patrons, including Decedent.

15. Defendant owed Decedent a duty to exercise reasonable care for her safety.

16. Defendant and its agents, ostensible agents, servants, employees, and/or other representatives breached their duty of care to Decedent.

17. Defendant's actions and/or omissions constitute negligence in that they knew or should have known, prior to the Decedent's injuries and death, that patrons at the premises would use its aisles to look at products to purchase; that they had a duty to keep the aisles clear of tripping

hazards and/or warn of such hazards; that they breached their duty by failing remove or warn of tripping hazards; and that the Decedent tripping and falling over the hazard inside the premises resulted in bodily harm, pain, suffering, and death.

18. Defendant's breach of the duty of care owed to Decedent was the direct and proximate cause of physical, emotional, and financial injuries suffered by the Decedent, including the following:

   a. mental and physical pain and suffering all to her damage in a sum to be determined by a jury sitting in the trial of this matter; and

   b. medical expenses incurred due to the aid of first responders and subsequent medical treatment and hospitalization in a sum to be determined by a jury sitting in the trial of this matter.

### COUNT II: PERSONAL INJURIES

19. Plaintiff incorporates and re-alleges all allegations above as if set forth fully herein, incorporates same by reference, and further states:

20. As the direct and proximate result of the Defendants' negligence, Decedent was caused to suffer bodily injuries, including severe physical, mental, and emotional harm.

21. Decedent's claims for personal injury survive her death pursuant to KRS 411.140.

### COUNT III: WRONGFUL DEATH

22. Plaintiff incorporates and re-alleges all allegations above as if set forth fully herein, incorporates same by reference, and further states:

23. As the direct and proximate result of the Defendants' negligence, Decedent was caused to die. Further, the Decedent's Estate claims funeral expenses as damages.

**WHEREFORE**, Plaintiff, Beth S. Ballard, as Administratrix of the Estate of Pauline Georgette Parent, by counsel, demands judgment against Defendant as follows:

4

1. A trial by jury on all issues of fact herein;
2. Compensatory damages against Defendant in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;
3. Pre and post judgement interest;
4. Plaintiff's costs herein expended; and
5. Any and all other relief to which the Plaintiff is entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The party notified is as follows: Aetna Medicare, PO Box 981107, El Paso, Texas 79998.

**RESPECTFULLY** submitted this 29th day of August, 2022.

Respectfully submitted,

/s/ Tanner H. Shultz
TANNER H. SHULTZ
Morgan & Morgan, Kentucky PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 219-4529
Facsimile: (859) 367-6146
tshultz@forthepeople.com
COUNSEL FOR PLAINTIFF